Filed 1/3/23  P. v. Delange CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MORGAN TYLER DELANGE, <br><br> Defendant and Appellant. | 2d Crim. No. B312629 <br> (Super. Ct. No. YA083919) <br> (Los Angeles County) |

Morgan Tyler Delange appeals an order denying his petition for resentencing pursuant to former Penal Code section 1170.95 (renumbered section 1172.6 without substantive change).[1]  The Attorney General concedes that the trial court

---

[1] All statutory references are to the Penal Code unless stated otherwise.

erred by not granting the resentencing petition pursuant to section 1172.6, subdivision (d)(2).[2]  (*People v. Flint* (2022) 75 Cal.App.5th 607, 614.)  Accordingly, we reverse the order, vacate the murder conviction, and remand for resentencing.  (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["full resentencing rule" authorizes trial court to modify every aspect of sentence upon resentencing].)

*FACTUAL AND PROCEDURAL HISTORY*

Delange's resentencing petition concerns his 2014 conviction of first degree murder, kidnapping, first degree burglary, second degree robbery, and vehicle theft.  (§§ 187, subd. (a), 189, 207, subd. (a), 459, 211; Veh. Code, § 10851, subd. (a).)  At Delange's trial, the prosecution asserted that its theory of liability for first degree murder was felony murder committed during a robbery or burglary.  The jury decided, however, that the felony-murder special-circumstance allegation was not true. (§ 190.2, subd. (a)(17).)  Delange appealed.  We rejected arguments based upon *Miranda v. Arizona* (1966) 384 U.S. 436, 479 [16 L.Ed.2d 694, 726] and sentencing, and affirmed.  (*People v. Alfano & Delange* (Sept. 26, 2016, B258685) [nonpub. opn.].)

The trial court sentenced Delange to a prison term of 33 years to life, consisting of a 25-years-to-life term for the murder conviction plus an eight-year upper term for the kidnapping conviction.  The court imposed sentence for the burglary, robbery,

---

[2] In relevant part, section 1172.6, subdivision (d)(2) states: "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."

and vehicle theft convictions, but stayed execution of sentence pursuant to section 654.

On March 13, 2019, Delange filed a section 1172.6 petition for resentencing alleging that his murder conviction rested upon the felony murder or the natural and probable consequences doctrines. The trial court appointed counsel for Delange, permitted the parties to file written arguments, and issued an order to show cause. The court then denied the petition at the evidentiary hearing stage, finding that Delange was a major participant in the underlying felonies who acted with reckless indifference to human life. In its ruling, the court concluded: "Delange was an equal participant in the killing of victim [Norman] Mangus. Natural and probable consequence instructions were not given to the jury. Both defendants actually and jointly killed the victim, even if the defendant was not the actual killer, his actions and conduct demonstrate that he was a major participant in the killing of victim Mangus. He acted with reckless indifference to Mr. Mangus'[s] life by zip tying Mr. Mangus'[s] unconscious body, carrying that body to the side of his house, . . . [and] he was aware that the victim, Mr. Mangus, was not going to wake up."[3] (Capitalization omitted.)

*Summary of Trial Evidence*

On March 23, 2012, Torrance police officers received an inquiry concerning the welfare of 67-year-old Norman Mangus. A police officer visited Mangus's home that evening and found Mangus's body outside the residence. Zip-ties restrained Mangus's ankles, a cloth belt circled his neck, and a beanie cap was stuffed into his mouth. An autopsy later established that

---

[3] The trial judge had presided over the underlying jury trial of Delange and his codefendant, Joshua Alfano.

3

Mangus died from strangulation and had fractured ribs and abrasions. Weeks earlier, Mangus informed a friend that former boarder Joshua Alfano had assaulted him on two occasions and taken cash and jewelry.

Earlier, Delange and Alfano became roommates. They informed a neighbor that they were planning to wear beanie cap masks to rob someone. They also tied the neighbor's feet with zip-ties as a prank.

Following the murder, police officers executed a search warrant at the Alfano/Delange residence and found Mangus's financial documents, wallet, and automobile registration, among other things. DNA of Alfano and Delange was found on a glove located near Mangus's body and the beanie cap used to muffle Mangus. Alfano and Delange later sold Mangus's automobile and television set. During police interviews, Alfano and Delange each blamed the other for killing Mangus.

The jury convicted codefendant Alfano of first degree murder and the special circumstance that Alfano committed the murder during the course of a robbery or burglary. Although the jury convicted Delange of first degree murder, it did not find true the special circumstance of murder committed during the course of a robbery or burglary.

Delange appeals the denial of his resentencing petition and asserts that the trial court was obligated to grant his petition because the jury found that the special circumstance allegation was not true. The Attorney General concedes based upon section 1172.6, subdivision (d)(2), and recent judicial decisions. (E.g., *People v. Flint, supra,* 75 Cal.App.5th 607, 614.)

4

*DISCUSSION*

Section 1172.6 authorizes a defendant "convicted of felony murder or murder under the natural and probable consequences doctrine" (*id.*, subd. (a)) to challenge his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief. (*Id.*, subd. (c).) This, in turn, requires a showing that, among other things, he "could not presently be convicted of murder" under the amendments to the murder statutes that became effective on January 1, 2019. (*Id.,* subd. (a)(3).) These statutes, even as amended, still authorize a murder conviction, however, based on murder committed by someone else in the course of a jointly committed felony as long as the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).)

Section 1172.6, subdivision (d)(2) provides a streamlined process for relief where a petitioner has already obtained a finding that he "did not act with reckless indifference to human life or was not a major participant in the felony." (*People v. Flint, supra*, 75 Cal.App.5th 607, 615; *People v. Ramirez* (2019) 41 Cal.App.5th 923, 932.) In that situation, the trial court "shall vacate the petitioner's conviction and resentence the petitioner." (§ 1172.6, subd. (d)(2).)

The only theory of murder liability presented at Delange's trial was felony murder. This theory permitted the jury to convict Delange of first degree murder if either he or Alfano were the actual killer of Mangus during the burglary or robbery, even if the killing was unintentional. (CALCRIM No. 540B.) The jury was not instructed regarding malice murder.

5

At Delange's trial, the prosecution had an opportunity to prove that Delange was a major participant in the underlying felonies who acted with reckless indifference to human life. Jury instructions informed the jury to find the felony-murder special-circumstance allegation true if jurors were satisfied beyond a reasonable doubt that either of two possibilities was true: Delange aided and abetted first degree murder with the intent to kill, or was a major participant in the underlying felonies acting with reckless indifference to human life. (CALCRIM No. 703 [defendant not actual killer].) The court also instructed that the prosecution need not prove that the actual killer acted with the intent to kill or with the reckless indifference to human life to establish the felony murder special circumstance. (*Ibid.*) The jury rejected the special-circumstance theory of murder committed during the course of robbery or burglary. This finding now triggers section 1172.6, subdivision (d)(2). (*People v. Flint*, *supra*, 75 Cal.App.5th 607, 615.)

In view of our discussion, it is not necessary to discuss Delange's remaining contentions.

### DISPOSITION

The order denying the petition for resentencing is reversed, and the matter remanded to the trial court with directions to vacate the murder conviction and resentence appellant.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.                    BALTODANO, J.


6

Mark S. Arnold, Judge

Superior Court County of Los Angeles

_____

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.